[Cite as *Moore v. Ohio State Univ. Med. Ctr.*, 2010-Ohio-4974.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SAMUEL MOORE, et al.

    Plaintiffs

    v.

THE OHIO STATE UNIVERSITY MEDICAL CENTER

    Defendant
    Case No. 2010-07067

Judge Alan C. Travis

JUDGMENT ENTRY

{¶ 1}   On July 8, 2010, the court scheduled an evidentiary hearing for August 26, 2010, to determine whether Drs. Stanislaw Stawicki and Margaret Sawyer are entitled to civil immunity pursuant to R.C. 2743.02(F) and 9.86.   On August 26, 2010, plaintiffs' counsel, Daniel Abraham, filed both a motion for leave to withdraw as counsel for plaintiffs and a motion for a continuance of the evidentiary hearing.   For good cause shown, the court finds that the motion for leave to withdraw as counsel is in compliance with L.C.C.R. 19, and it is GRANTED.   Plaintiffs shall inform the court within *30 days* of the date of this entry whether they intend to proceed pro se or retain new counsel.

{¶ 2}   In addition, plaintiffs' motion for a continuance of the evidentiary hearing was DENIED and the hearing proceeded as scheduled.[1]

{¶ 3}   R.C. 2743.02(F) states, in part:

{¶ 4}   "A civil action against an officer or employee, as defined in section 109.36

---

[1]Inasmuch as the physicians were present and prepared to testify regarding the issue of their employment status, the court allowed the evidentiary hearing to go forward as scheduled.  The court specifically ORDERED that the issue of civil immunity may be reconsidered in toto upon plaintiffs' motion as the case proceeds.  Plaintiffs' former counsel did not participate in the proceedings.

of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action."

{¶ 5} R.C. 9.86 states, in part:

{¶ 6} "[N]o officer or employee [of the state] shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."

{¶ 7} The Supreme Court of Ohio has held that "in an action to determine whether a physician or other health-care practitioner is entitled to personal immunity from liability pursuant to R.C. 9.86 and 2743.02[F], the Court of Claims must initially determine whether the practitioner is a state employee. * * *

{¶ 8} "If the court determines that the practitioner is a state employee, the court must next determine whether the practitioner was acting on behalf of the state when the patient was alleged to have been injured. If not, then the practitioner was acting 'manifestly outside the scope of employment' for purposes of R.C. 9.86. *If there is evidence that the practitioner's duties include the education of students and residents, the court must determine whether the practitioner was in fact educating a student or resident when the alleged negligence occurred.*" *Theobald v. University of Cincinnati*, 111 Ohio St.3d 541, 2006-Ohio-6208, ¶30-31. (Emphasis added.)

{¶ 9} Dr. Stawicki testified that he is board-certified in both general surgery and surgical critical care, and that he has been employed by defendant since July 15, 2008,

as an assistant professor of surgery. Dr. Stawicki further stated that his duties as an assistant professor included teaching medical students and residents. Dr. Stawicki testified that he was on duty as an attending physician on May 13, 2009, when plaintiff[2] was scheduled to undergo a cholecystectomy (surgical removal of the gallbladder); that the procedure was initiated via laparoscope but was converted to an open procedure when complications arose; and that both he and Dr. Sawyer, a fifth-year resident at the time, performed the surgery together, in that he performed the critical portions and Dr. Sawyer performed the non-critical portions of the procedure.

{¶ 10} Dr. Sawyer testified that she completed her medical residency in general surgery at defendant's medical center on June 30, 2009; that she was the chief resident on May 13, 2009; that she assisted Dr. Stawicki in plaintiff's surgery as a part of her residency training; and that she was an employee of defendant during the entirety of her medical residency.

{¶ 11} The court finds that both Drs. Stawicki and Sawyer were employed by the state at defendant's medical center. Furthermore, inasmuch as Dr. Sawyer was a resident at the time of plaintiff's surgery, the court finds that she was acting on behalf of the state at the time when the alleged negligence occurred.

{¶ 12} With regard to Dr. Stawicki, the court finds that he was acting on behalf of the state at the time when the alleged negligence occurred in that he was educating a resident, Dr. Sawyer, at the time of the alleged negligence.

{¶ 13} The court concludes that the duties of Drs. Stawicki and Sawyer, as a state-employed professor of medicine and a state-employed medical resident, respectively, included treating patients at defendant's medical center and that Drs. Stawicki and Sawyer were engaged in those duties at the time of the alleged negligence. Therefore, the court concludes that Drs. Stawicki and Sawyer were acting within the scope of their state employment at all times pertinent hereto.

---

[2]The term "plaintiff" shall be used to refer to Samuel Moore throughout this entry.

{¶ 14} Accordingly, the court finds that Drs. Stawicki and Sawyer are entitled to immunity pursuant to R.C. 2743.02(F) and 9.86. Therefore, the courts of common pleas do not have jurisdiction over any civil actions that may be filed against them based upon the allegations in this case.

_____
ALAN C. TRAVIS
Judge

cc:

Daniel N. Abraham
536 South High Street
Columbus, Ohio 43215

Jeffrey L. Maloon
Jennifer A. Adair
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Joan Moore
Samuel Moore
1665 Marina Drive
Columbus, Ohio 43219

HTS/cmd
Filed October 5, 2010
To S.C. reporter October 12, 2010